**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-01529-WYD-MEH

ANA L. KELIIHOLOKAI, SANDRA M. CHAVEZ, MARIA E. BAEZA, SHARON M. PAAVOLA AND ELNORA R. SHABAZZ,

Plaintiffs,

v.

FITZSIMONS COMMUNITY FEDERAL CREDIT UNION, a Colorado Corporation, and CHERYL JAMES, an individual,
Defendants.

**STIPULATED PROTECTIVE ORDER**

Upon a showing of good cause for the protection of confidential information, documents, and other things produced, served or otherwise provided in this action by the parties or third parties, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a) and includes a draft or non-identical copy.

3. Information designated "CONFIDENTIAL" shall be defined as: (a) documents and information produced by Fitzsimons Community Federal Credit Union ("Fitzsimons"), and/or Cheryl James, ("Defendants"), or any of Defendants' agents or representatives, when designated as "confidential" as provided herein, concerning confidential or proprietary business

information, confidential information regarding the accounts or transactions of Fitzsimons'
members or confidential information regarding current or former employees of Defendants,
including confidential personnel or personnel-related documents or internal memoranda, and (b)
documents and information produced by or obtained through releases produced by Plaintiffs,
concerning individual medical, financial and/or tax records, and personal identification materials
pertaining to Plaintiffs shall also be treated as confidential.

4. CONFIDENTIAL information shall not be disclosed or used for any purpose by a recipient except the preparation and trial of this case.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed by a recipient *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties and representatives for Fitzsimons as designated by Fitzsimons;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain written agreement from such person that he or she is subject to the jurisdiction of this court and bound by the provisions of this Protective Order.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8. With regard to Fitzsimons' members and transactions related to their accounts, the parties are authorized to disclose, produce and testify about documents, records and things which are subject to the provisions of the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801, *et seq.*

9. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after receipt of the transcript.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party making the designation of the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information

should be subject to the terms of this Protective Order within fifteen (15) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. Any documents or things designated as CONFIDENTIAL pursuant to this Protective Order which are filed with the Court for any purpose shall be filed in conformance with D.C.Colo.LCivR 7.3.

12. This Protective Order shall not be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request nor limit, restrict or otherwise affect the ability of any party to seek the protection of documents or testimony from any source.

13. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated at Denver, Colorado this 29th day of January, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge